IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2006 JUN 27 P 3: 05

CLERK'S OFFICE
AT BALTIMORE

BY_____
DEPUTY

OLGENS DRAGENICE A45 481 578           *
         Petitioner,
v.                                                               *   CIVIL ACTION NO. WDQ-06-1367

STEVEN R. WILLIAMS                         *
         Respondent.
                       ***

## MEMORANDUM

On May 26, 2006, Olgens Dragenice, a Department of Homeland Security, Immigration and Customs Enforcement ("ICE") detainee housed at the Dorchester County Detention Center, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus seeking immediate release, alleging that his continued detention pending his removal from the United States to Haiti violates the dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Paper No. 1. On June 13, 2006, Warden Williams filed a response and notice of intent to remove. Paper No. 3.

Oral argument is unnecessary because the issue has been fully briefed. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below the Court will by separate Order dismiss the petition for writ of habeas corpus.

### I. Background

Petitioner is a native and citizen of Haiti who is subject to an administratively final order of removal based on his multiple criminal convictions.[1] Paper No. 3, Ex. A, Riccio Decl. On May

---

[1]    Petitioner was ordered removed to Haiti in August of 2002. His subsequent appeal to the Board of Immigration Appeals was denied in April of 2003. *See Dragenice v. Tsoukaris*, Civil Action No. CCB-05-425 (D. Md.) at Paper No. 4, Exs. A & B. Since February of 2003, however, Petitioner has had a pending petition in the district and circuit courts seeking to terminate removal proceedings on the ground that he is a "national" of the United States and not subject to deportation. *See Dragenice v. Ridge*, Civil Action No. CCB-03-570 (D. Md.). The counseled matter is currently pending in the United States Court of Appeals for the Fourth Circuit. *See Dragenice v. Gonzales*, CA-05-7050. The Fourth Circuit docket reveals that the

31, 2006, the Baltimore Field Office for ICE was advised by ICE Headquarters that Petitioner was on schedule to be transferred from Maryland to the Krome Detention Center in Miami, Florida on June 16, 2006, to be processed for removal to Haiti by means of the Justice Prisoner Alien Transport System ("JPATS") on July 3, 2006. *Id.* Respondent states that should Petitioner not be removed on July 3, he will be scheduled for removal to Haiti via JPATS flights on July 10 or July 17, 2006. Paper No. 3, Ex. A, Riccio Decl.

## II. Analysis

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six-month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

Respondent's affirmation that Petitioner is to be removed within the next 30 days shifts the burden to Petitioner to show that his removal is not significantly likely in the reasonably foreseeable

---

Office of Immigration Litigation has filed a Notice of Intent to Remove with the Fourth Circuit and Petitioner has filed a Motion for Stay of Removal and Motion for Emergency Relief Enjoining Transfer. On June 16, 2006, the Fourth Circuit denied the emergency motions.

future. He cannot meet such a burden. Respondent's Answer evidences that Petitioner's deportation to Haiti is now imminent.  Consequently, the habeas challenge to his post-order detention under *Zadvydas* has been rendered moot.

### III. Conclusion

The Court finds that Petitioner's current detention does not violate due process.  By separate Order the petition for habeas corpus relief shall be dismissed and administratively closed. Respondent shall file a report regarding the status of Petitioner's removal.

Date: __6/27/6__                              _____
                                              William D. Quarles, Jr.
                                              United States District Judge